UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RANDY SINGLETON,

                                    Plaintiff,

    -against-

P.O. CHARNE JIMENEZ (Shield No. 425),

                                    Defendant.
------------------------------------------------------------------------ x

**DEFENDANT'S PRETRIAL SUBMISSIONS CONCERNING MATTERS TO BE RESOLVED IN LIMINE**

15 Civ. 1011 (ALC)

## PRELIMINARY STATEMENT

       Plaintiff Randy Singleton brings this action against defendant Detective Charne Jimenez alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. Specifically, plaintiff makes claims of illegal stop and search, false arrest, and denial of right to fair trial stemming from his arrest on February 22, 2014 in the Bronx.

       Defendant, by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submits this memorandum of law in support of his motion seeking the following *in limine* relief: (1) plaintiff should be precluded from referring to defense counsel as "City Attorneys" and from offering any evidence of indemnification; (2) plaintiff should be precluded from requesting a specific dollar amount from the jury; (3) plaintiff should be precluded from eliciting evidence of officer disciplinary histories, complaints against officers, and prior lawsuits; (4) plaintiff should be precluded from mentioning the New York City Police Department Patrol Guide; (5) plaintiff should be precluded from eliciting testimony from any officer regarding the possible criminal or collateral consequences of being arrested for or convicted of criminal possession of a controlled substance in the seventh degree; and (6) plaintiff should be precluded from offering testimony from NYPD Laboratory Analyst Aline Barron beyond authenticating or deciphering the lab report.

1

### POINT I

### PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS" AND FROM OFFERING ANY EVIDENCE OF INDEMNIFICATION

Any claim for municipal liability was dismissed prior to trial and no claim remains against the City of New York. Thus, the City of New York should not be mentioned at the trial. Any mention of the City of New York would only be for the purpose of prejudicing the individual defendant because the jury would be inclined to award plaintiff more money under the assumption that the City of New York is a "deep pocket" who can afford to pay a higher judgment than the individual officer would be able to on his own. As set forth below, defendant respectfully requests that this Court: (1) preclude plaintiff from referring to defense counsel as "City Attorneys"; and (2) preclude plaintiff from offering any evidence that the City may indemnify the officers.

A.  **Referring to Defense Counsel as City Attorneys**

The defendant officer would be prejudiced if plaintiff is permitted to inform the jury that the attorneys for defendant are employed by the government as "City Attorneys." See Hernandez v. Kelly, 2011 U.S. Dist. LEXIS 57114, at *17-18 (E.D.N.Y. 2011) (where the City was not a defendant, precluding plaintiff from referring to the City and directing him to refer to defense counsel as attorneys from the Office of Corporation Counsel); Williams v. McCarthy, 2007 U.S. Dist. LEXIS 79151, at *23-*25 (S.D.N.Y. 2007); Jean-Laurent v. Hennessy, 840 F.Supp.2d 529, 550 (E.D.N.Y. 2011). Accordingly, defendant respectfully requests that no mention of the City of New York be made at the trial and defense counsel be referred to as precisely that, "defense counsel," or "attorneys from the Office of the Corporation Counsel." Jaquez v. Flores, 2016 U.S. Dist. LEXIS 34521, at *4-*6 (S.D.N.Y. 2016).

B.   **Indemnification**

Indemnification also has no bearing on plaintiff's claims or damages, and would only serve to unfairly prejudice the defendant. Therefore, pursuant to Federal Rules of Evidence 402 and 403, plaintiff should not be allowed to introduce or otherwise refer to the possibility that the City of New York will indemnify the defendant officer. Defendant will not proffer evidence regarding his personal financial resources and ability to pay punitive damages at trial. Therefore, based upon the established precedent in this Circuit, there is no relevant basis for the admission of possible indemnification evidence at trial and, accordingly, such evidence should be precluded. See Mathie v. Fries, 121 F.3d 808, 816 (2d Cir. 1997) (the existence of an indemnification agreement is relevant only where the individual defendants adduce evidence of their personal financial resources at trial); Jaquez, 2016 U.S. Dist. LEXIS 34521, *6-*8; see also Jean-Laurent v. Hennessy, 840 F.Supp.2d at 550; Jean-Laurent v. Wilkinson, 2009 U.S. Dist. LEXIS 20472, at *8 (S.D.N.Y. 2009); Williams v. McCarthy, 2007 U.S. Dist. LEXIS 79151 at *23-*25.

Accordingly, plaintiff should be prohibited from referring to defense counsel as "City Attorneys" and the possible indemnification of the defendant should be precluded.

## POINT II

### PLAINTIFF SHOULD BE PRECLUDED FROM REQUESTING A SPECIFIC DOLLAR AMOUNT FROM THE JURY

While the Second Circuit has not adopted a flat prohibition of suggesting a specific dollar amount, it does disfavor specifying target amounts for the jury to award. Consorti v. Armstrong World Industries, Inc., 72 F.3d 1003, 1016 (2d Cir. 1995). Such suggestions unlawfully anchor the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence. Id.; see also Mileski v. Long Island R.R. Co., 499 F.2d 1169, 1172 (2d Cir. 1974) ("A jury with little or no experience in such matters, rather than rely upon its own

3

estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel…"). The Court in Consorti went on to state:

> A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly…We encourage trial judges to bar such recommendations.

Consorti, 72 F.3d at 1016.  As such, plaintiff should be precluded from suggesting a specific dollar amount to the jury during his opening statement, during the testimony of any witness, and/or during summation.

## POINT III

**PLAINTIFF SHOULD BE PRECLUDED FROM ELICITING EVIDENCE OF OFFICER DISCIPLINARY HISTORIES, COMPLAINTS AGAINST OFFICERS, AND OTHER LAWSUITS**

Plaintiff should be precluded from inquiring about any disciplinary histories, complaints against officers, and/or civil rights actions which have been filed against the defendant as well as any non-party police officers who may testify, because such questioning is in direct conflict with Federal Rule of Evidence 404(b).  Rule 404(b) states that evidence of past acts "to prove the character of a person in order to show action in conformity therewith . . ." is inadmissible.  Under Rule 404(b), evidence of past acts are only admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  However, evidence of prior bad acts is not automatically admissible simply because the proponent has articulated some not-for-character purpose.

As the Supreme Court held in Huddleston v. United States, the decision to admit evidence under Rule 404(b) also depends on "whether the danger of unfair prejudice outweighs

4

the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Huddleston, 485 U.S. 681, 688 (1988). Thus, Rule 404(b) requires a two-part analysis: first, whether the proposed evidence fits within one of the "exceptions" provided by the Rule; and second, even if it does, a balancing test under Rule 403, of whether the evidence's probative value is substantially outweighed by the potential for jury confusion or prejudice. Lombardo v. Stone, 2002 U.S. Dist. LEXIS 1267, at *9-*12 (S.D.N.Y. 2002); see also Advisory Committee Notes to Fed. R. Evid. 404(b). Applying these factors, plaintiff should be precluded from questioning the individual defendant or any non-party officer regarding any complaints against them or their disciplinary histories. First, any reference to any officer's disciplinary history or prior complaints does not fall under any of the 404(b) exceptions. Second, the potential for confusion or prejudice substantially outweighs any probative value.

Additionally, plaintiff should also be precluded from inquiring about evidence of any officer's other lawsuits. Courts in this Circuit have found that the probative value of introducing prior lawsuits is outweighed by the prejudicial effect such evidence could have and its potential to confuse the jury. See Richmond v. General Nutrition Ctrs., Inc., 2012 U.S. Dist. LEXIS 32070, at *31 (S.D.N.Y. 2012) (precluding the introduction of evidence of lawsuits against defendant because "the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims") See also Figueroa v. Boston Sci. Corp., 2003 U.S. Dist. LEXIS 10936, at *11 (S.D.N.Y. 2003) (finding that the probative value of introducing evidence of other lawsuits is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time").

For the foregoing reasons, plaintiff should be precluded from inquiring about, or introducing evidence of, any officer's disciplinary history, prior complaints, or prior lawsuits.

### POINT IV

### PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THE NEW YORK CITY POLICE DEPARTMENT PATROL GUIDE

Plaintiff should be precluded from referring to and offering any evidence of NYPD procedure or patrol guide provisions. Alleged violations of NYPD procedure by the defendant is irrelevant to the determination of whether plaintiff's constitutional rights were violated. This is especially true in this case where there is no evidence in the record to establish that the defendant violated NYPD procedure pertaining to his interaction with plaintiff. Thus, any NYPD procedure or patrol guide provision should be precluded pursuant to Federal Rule of Evidence 402 and 403.

First, the standards set forth as per NYPD procedure are merely guidelines established by the Department and are not the standards of the United States Constitution. In light of plaintiff's claims that his constitutional rights were violated, any NYPD guidelines, whether or not followed to the letter, are irrelevant to the determination of whether plaintiff's constitutional rights were violated. See Smith v. Freland, 954 F.2d 343, 347 (6th Cir. 1992) ("[u]nder § 1983, the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983"); Romero v. County of Lake, 60 F.3d 702, 705 (10th Cir. 1995) ("violations of state law and police procedure generally do not give rise to a 1983 claim"); see also Galapo v. City of New York, 95 N.Y.2d 568, 574-575 (2000) (NYPD Patrol Guide should

6

be excluded from evidence because it does not create legal duties). Since NYPD procedure does not create legal duties, it is irrelevant to the determination of whether plaintiff's constitutional rights were violated and should therefore be precluded under Federal Rule of Evidence 402.

Second, any reference to alleged "violations" of NYPD procedure, meaning that defendant did not follow the exact guidelines, would only confuse the jury. The jury will be called upon to determine whether defendant violated plaintiff's constitutional rights, which is to be evaluated by the jury under the Fourth Amendment standard. If the jury is presented with the proffered portions of NYPD procedure, it is likely to wrongly assume that NYPD procedure sets the standard by which they are to evaluate defendant's alleged unconstitutional actions, notwithstanding a contrary instruction from the Court. It is certainly in the realm of possibility that an officer could follow NYPD procedure and still violate an individual's constitutional rights or not follow NYPD procedure and not violate an individual's rights. Therefore, any reference to alleged "violations" of NYPD procedure are irrelevant, unfairly prejudicial, and would only confuse the issues and the jury. Accordingly, the Patrol Guide, as well as testimony regarding NYPD procedure, should be precluded pursuant to Federal Rule of Evidence 402 and 403.

### POINT V

**PLAINTIFF SHOULD BE PRECLUDED FROM ELICITING TESTIMONY FROM ANY OFFICER REGARDING THE POSSIBLE CRIMINAL OR COLLATERAL CONSEQUENCES OF BEING ARRESTED FOR OR CONVICTED OF CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE**

At Detective Jimenez's deposition on February 13, 2017, plaintiff's counsel asked a series of questions regarding whether Detective Jimenez knew the possible consequences of being convicted of criminal possession of a controlled substance in the seventh degree. For

instance, plaintiff asked "And for the charge of criminal possession of a controlled substance in the 7th degree, do you know what the possible penalties are?" "Do you know what the penalties are for an 'A' misdemeanor?" "If someone is convicted of criminal possession of a controlled substance in the 7th degree, separate from whatever jail term they might receive…are there any consequences, what are called collateral consequences, that a person could have put upon them by being convicted…?"  "Are you aware that if you're convicted of that crime, your driver's license will be suspended for up to six months?"  "Are you aware that if you're convicted of that crime and later on you're convicted of or arrested for any gun crime or involving a gun, that crime will be moved up by one degree based on that prior conviction?"  Det. Dunsing Dep. at 74: 8 – 77: 10.

       Plaintiff should be precluded from eliciting testimony from any officer regarding the possible criminal or collateral consequences of being arrested for or convicted of criminal possession of a controlled substance in the seventh degree because it is not relevant and would confuse and mislead the jury, and is thus not admissible pursuant to Federal Rule of Evidence 402 and 403.  Plaintiff is asserting claims of illegal stop and search, false arrest, and denial of right to fair trial.  Any testimony regarding the potential penal or collateral consequences of being arrested for or convicted of criminal possession of a controlled substance in the seventh degree – such as the length of a possible jail term, the effect of a conviction on subsequent arrests, and the potential impact it could have on a person's driver's license – is not relevant to the claims at issue here.  Moreover, police witnesses are not prosecutors or legal experts, and therefore these types of questions would do nothing more than confuse and mislead the jury.

Plaintiff should accordingly be precluded from eliciting any testimony from any officer about the possible criminal or collateral consequences of being arrested for or convicted of criminal possession of a controlled substance in the seventh degree.

## POINT VI

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY FROM NYPD LABORATORY ANALYST ALINE BARRON BEYOND AUTHENTICATING OR DECIPHERING THE LAB REPORT

Plaintiff should be precluded from offering testimony from NYPD Laboratory Analyst Aline Barron beyond authenticating or deciphering the lab report because it would be irrelevant and confusing to the jury. In the Joint Pre-Trial Order, both parties listed the NYPD lab report (DEF000105) among the exhibits they intend to introduce into evidence at trial. The primary inquiry in this case, however, is whether Detective Jimenez believed that plaintiff was in possession of a controlled substance. The lab report confirms Detective Jimenez's belief in that the substance recovered during plaintiff's arrest tested positive for cocaine. The only relevant testimony Ms. Barron should be permitted to give would be to decipher the lab report, or to authenticate it if there is an objection to the exhibit being admitted into evidence. Any testimony beyond this would be irrelevant and confusing and thus should be precluded pursuant to Federal Rule of Evidence 402 and 403. Indeed, defendant is willing to stipulate to the authenticity of the lab report and that the result was positive for cocaine.

## **CONCLUSION**

For the foregoing reasons, defendant Jimenez respectfully requests that the Court grant his motions in their entirety, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 15, 2017

                            ZACHARY W. CARTER
                            Corporation Counsel of the City of New York
                            *Attorney for Defendant Charne Jimenez*
                            100 Church Street
                            New York, New York 10007
                            (212) 356-5044

                            By:                /s/

                                    Christopher G. Arko
                                    *Senior Counsel*

cc:     Robert Marinelli, Esq. (By ECF)
         *Attorney for plaintiff*