UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

RANDY SINGLETON,

                              Plaintiff,

                -against-

P.O. CHARNE JIMINEZ (Shield No. 425) et als

                              Defendant.

------------------------------------------------------------------ x

                    15-CV-1011 (ALC)

                    **PLAINTIFF'S PROPOSED JURY CHARGE**

       Plaintiff RANDY SINGLETON, by his attorney Robert Marinelli requests, pursuant to Rule 51 of the Federal Rules of Civil Procedure, that the Court give the annexed instructions to the jury.

       Plaintiff respectfully reserves the right to include additional substantive jury charges, if necessary, at the time of trial based upon the proceedings.

DATED:     December __ 2017
               New York, New York

                           _____/s/_____

                           Robert Marinelli
                           305 Broadway, Suite 1001
                           New York, New York 10007
                           (212) 822-1427
                           robmarinelli@gmail.com

                           *Attorney for Plaintiff*

TO:

Christopher Arko (via ECF and email)
Zachary W. Carter
Corporation Counsel
Attorney for Defendant
New York City Law Department
100 Church Street, Room 4-114
New York, NY 10007

## GENERAL INSTRUCTIONS

### Request Number 1

### Juror Attentiveness

Ladies and gentlemen, before you begin your deliberations, I am now going to instruct you on the law. You must play close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.


Authority:     3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 71.01, at 71-2.

**Request Number 2**

**<u>All Persons Equal Before the Law - Individuals</u>**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

<u>Authority</u>:   Devitt and Blackmar, Federal Jury and Practice Instructions § 71.04 (modified).

**Request Number 3**

**<u>Role of the Court</u>**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

<u>Authority</u>:     3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 71.01, at 71-4.

**Request Number 4**

**<u>Role of the Jury</u>**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province of function as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said – or what I may say in these instructions – about a fact or issue evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence; it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

Authority:    3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 71.01, at 71-8.

**Request Number 5**

**<u>Juror Oath</u>**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

<u>Authority</u>:     3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 71.01, at 71-11.

**Request Number 6**

**<u>Jury to Disregard Court's View</u>**

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges of all the questions of fact submitted to you and of the credibility of the witnesses.  Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you.  In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.  Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing.  You have no concern with the reasons for any such rulings and you are not to draw any inferences from them.  Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury.  In admitting evidence to which objection has been made, the

court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence.  Of course, you will dismiss from your mind completely, entirely any evidence which has been ruled out of the case by the court, and you will refrain from

speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

Authority:    3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 71.01, at 71-12.

**Request Number 7**

**<u>Conduct of Counsel</u>**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

<u>Authority</u>:    3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 71.01, at 71-14.

**Request Number 8**

**Evidence**

**<u>Burden of Proof - General</u>**

This is a civil case and as such the plaintiff generally has the burden of proving the material allegations of her claims by a fair preponderance of the evidence.  As I will explain to you later, when we discuss the particular claims themselves, on certain points the defendant has the burden of proof by a fair preponderance of the evidence.

If, with respect to a particular claim, after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on that claim. If after such consideration you find the evidence to be in balance or equally probable between the plaintiff and the defendant on that claim, then the plaintiff has failed to sustain his burden and you must find for the defendant on that claim.

<u>Authority</u>:     3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 71.01, at 73-2 (modified).

**Request Number 9**

**<u>Burden of Proof – Preponderance of the Evidence</u>**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his or her claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his or her claim by a preponderance of the evidence, you must decide against him or her on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple

equality of evidence – he must prove the element at issue by a preponderance of the

evidence. On the other hand, the party with this

burden of proof need prove no more than a preponderance.   So long as you find that

the scales tip, however slightly, in favor of the party with this burden of proof – that

what the party claims is more likely true than not true – then that element will have

been proved by a preponderance of

evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the

proper           standard of proof in a criminal trial.  That requirement does not apply

to a civil case such as this and you should put it out of your mind.


Authority:     3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 71.01, at 74-3

(modified).

**Request Number 10**

**<u>Juror Oath</u>**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose – such as for the purpose of assessing a witness' credibility – you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Authority:    3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 74.01, at 74-3 (modified).

**Request Number 11**

**<u>Direct and Circumstantial Evidence</u>**

There are two types of evidence which you may properly use in reaching your verdict. One type of evidence is direct evidence.  Direct evidence is when a witness testifies about something he knows by virtue of his own senses--something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

<u>Authority</u>:     3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 74.01, at 74-6.

**Request Number 12**

**Inference Defined**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw--but not required to draw--from the facts which have been established by either direct or circumstantial evidence.  In drawing an inference, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

<u>Authority</u>:    3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 71.01, at 75-2.

**Request Number 13**

**<u>Witness Credibility</u>**

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  How did the witness appear; what was his demeanor – that is, his carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.

Always remember that you should use your common sense, your good judgment and your own life experience.

Authority:     3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 76.01, at 76-2 (modified).

**Request Number 14**

**<u>Police Officer Tesimony</u>**

Members and/or former members of the New York City Police Department have testified in this case. People employed by the government or public authorities, including police officers and supervisors, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight.  Police officers are not presumed to be more truthful or less truthful because of their status as law enforcement officers.  You must determine the credibility of police officers in the same way and by the same standards as you would evaluate the testimony of any other witness.  You should recall their demeanor on the stand, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.  Whether you credit the testimony of the police officers must depend on how truthful you judge them to be after you have heard their testimony and formed your own conclusions as to their believability.  In short, the exact same tests and standards that I have described for witnesses in general apply equally to police officer witnesses.

<u>Authority</u>:   Derived from jury charge given by the Honorable Nicholas G. Garaufis in the jury trial of *Circulo de la Hispanidad, Inc. v. The City of Long Beach, et al.*, 00-CV- 1463, in the Eastern District of New York; *Paine v. City of Lompoc*, 160 F.3d 562 (9th Cir. 1998); *Roberts v. Hollocher*, 664 F.2d 200 (8th Cir. 1981); *Darbin v. Nourse*, 664 F.2d 1109 (9th Cir. 1981).

**Request Number 15**

**Interest in Outcome of Witnesses Employed by City of New York
and New York City Police Department**

Several of the witnesses are currently employed as police officers in the New York City Police Department and hence may be interested witnesses in the outcome of this case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. You should bear that factor in mind when evaluating the credibility of witnesses who are currently employed by the New York City Police Department, and accept their testimony with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the testimony of the witnesses who are employed by the New York City Police Department has been affected by an interest in the outcome of the case.

Authority:    4 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 76.01, at 76-11 (modified).

**Request Number 16**

**<u>Bias</u>**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

<u>Authority</u>:    3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 76.01, at 76-9.

**Request Number 17**

**<u>Discrepancies in Testimony</u>**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

<u>Authority</u>:    3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 76.01, at 76-13.

**Request Number 18**

**<u>Single Witness</u>**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

<u>Authority</u>:    Devitt and Blackmar, §72.15.

**PLAINTIFF'S CLAIMS**

**Request Number 19**

**Elements of a §1983 Claim**

Plaintiff Randy Singleton's constitutional claims against the defendant police officers is brought pursuant to Title 42 of the United States Code, section 1983, and is referred to as a "Section 1983" claim.  Section 1983, itself, does not establish or create any federally protected right. Rather, it is the law that allows a plaintiff to enforce rights guaranteed to him or her by the federal Constitution. Later in these instructions I will explain to you what the specific federal constitutional rights at issue in this case are, and what plaintiff must prove to demonstrate that one or more of those constitutional rights was violated.

To begin with, in order to establish a claim under "Section 1983," the plaintiff must prove, by a preponderance of the evidence, the following three elements:

First, that the defendant acted under color of state law or on behalf of a government entity;

The second element of plaintiff's claim is that he was deprived of a federal constitutional right by the defendant.  Mr. Singleton claims that the defendant subjected him to:

    a)  An unlawful stop and frisk of his person;

    b)  A false arrest; and;

c)  A denial of his right to a fair trial.

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

Let me discuss each of these elements in more detail.

### 1.      First Element: Color of Law

As to the first element of plaintiff's claim, it is not disputed the defendant was acting in his or her official capacity as a New York City Police Officer at the time of the acts in question. I therefore instruct you that the defendant was acting under color of state law. In other words, the first statutory requirement is satisfied, and you need not consider it further.

### 2.      Second Element: Deprivation of a Constitutional Right

The second element of plaintiff's claim is that the plaintiff was deprived of his federal rights by the defendant. In order for the plaintiff to establish this second element, he must show these things by a preponderance of the evidence: first, that the defendant committed the acts alleged by plaintiff; and second, that those acts caused the plaintiff to suffer the loss of at least one federal right. In this case, plaintiff alleges that they suffered the loss of their Fourth, Fifth, Sixth, and Fourteenth Amendment rights. I will explain those rights to you now in greater detail.

<u>Authority</u>:    Adapted from 5 L. Sand, *et al.*, Modern Federal Jury Instructions at 87-65 through 87-68, 87-10, 87-74.

### a.  Unlawful Stop and Frisk

Mr. Singleton claims that he was unlawfully stopped and that he was unlawfully searched.  In order to stop and search a person, a police officer must have reasonable suspicion that criminal activity may be afoot.  If you find that the defendant did not have reasonable suspicion that Mr. Singleton was engaged in criminal activity, you must find in favor of Mr. Singleton on his unlawful stop and search claim.

Source: *United States v. Simmons,* 560 F.3d 98, 103 (2d Cir. 2009); *United States v. McCargo,* 464 F.3d 192, 197 (2d Cir. 2006).

## **b.  False Arrest**

The Fourth Amendment to the United States Constitution provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourth Amendment prohibits the police from carrying out unreasonable seizures.  An arrest is considered a seizure within the meaning of the Fourth Amendment.  Under the Fourth Amendment, an arrest may be made only when a police officer has probable cause to believe that the person arrested has engaged in criminal conduct.  An arrest without probable cause is an unreasonable seizure.

The critical question for you to decide is whether the arrest of plaintiff was lawful.  Whether the arrest was lawful in this case depends upon whether the defendant police officers had probable cause to believe that the plaintiff had committed a crime.  The defendant bears the burden of proving by a preponderance of the evidence that their arrest of plaintiff was based on probable cause.

What does the law mean by probable cause?  Probable cause is not proof beyond a reasonable doubt or proof sufficient to convict.  Neither, however, is it mere speculation or surmise.  Probable cause exists when the facts and circumstances

within the knowledge of the police officer at the time the arrest was made were sufficient to warrant a police officer of reasonable prudence to believe that an offense or a crime was being committed by the person arrested in the presence of the arresting officer.  This determination is made on the basis of the totality of the circumstances viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest.  If probable cause existed for the arrest, then the plaintiff was not subjected to an unreasonable seizure.

In order for you to determine whether the defendant police officers had probable cause to arrest plaintiff, I must instruct you as to the elements of the crimes that the plaintiff was charged with committing when he was arrested.

Plaintiff was charged with criminal possession of a controlled substance, an "A" misdemeanor which is punishable by up to one year in jail or three years probation.

The criminal possession of a controlled substance in the seventh degree statute, § 220.03 of the New York State Penal Law, reads in pertinent part, as follows: S 220.03 Criminal possession of a controlled substance in the seventh degree. A person is guilty of criminal possession of a controlled substance in  the seventh degree when he or she knowingly and unlawfully possesses a controlled  substance; Criminal possession of a controlled substance in the seventh degree is a  class A misdemeanor.

The parties agree that crack cocaine is a controlled substance.

Martin A. Schwartz & Judge George C. Pratt, <u>Section 1983 Litigation Jury Instructions</u>, Instruction 8.01.1; <u>Raysor v. Port Authority</u>, 768 F.2d 34, 40 (2nd Cir. 1985) (If an arrest is made without a warrant, there is a presumption of unlawfulness; the plaintiff need not prove either malice or want of probable cause. Rather, the defendant has the burden of proving that the arrest was predicated on probable cause.). <u>Provost v. City of Newburgh</u>, 262 F.3d 146, 157 -158 (2d Cir. 2001) (explaining New York's disorderly conduct statute).

### c.   Denial of the Right to a Fair Trial

In order to establish that plaintiff was denied a fair trial, he must prove each of the following elements by a preponderance of the evidence: (1) defendant created false evidence; (2) defendant forwarded that false evidence to the prosecutor; and (3) and the false information was likely to influence a jury's decision.[1]

Whether a criminal trial ultimately did take place is irrelevant. Whether probable cause existed for plaintiff's arrest or prosecution is also irrelevant. A mere mistake, or mistakes, by a police officer in making a written record is not a basis for finding a constitutional violation.

---

[1]   Garnett v. Undercover Officer C0039, 838 F.3d 265, 277, 279–80 (2d Cir. 2016)

**Request Number 20**

**<u>No Specific Intent Required</u>**

It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of his constitutional rights, or that they acted with malice or ill will in order to find for the plaintiff that his constitutional rights was violated. Whether the defendant acted with subjective good faith is irrelevant, and plaintiff need not prove that the defendant had an evil heart.

<u>Authority</u>:    Adapted from M. Avery, *et al.*, Police Misconduct; Law and Litigation, Third Edition, § 12:6.

**Request Number 21**

## Proximate Cause - Generally

If you find that the defendant deprived the plaintiff of a constitutional right, the third element which plaintiff must prove is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission.  If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant.  If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause plaintiff s injury. If you find, however,

that the plaintiff has shown by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant, you must find that the defendant was proximate cause of plaintiff s injury.

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff s injury or injuries were caused by a new or independent source of an injury which intervened between the defendant's act or omission and the plaintiff s injury and which produces a result which was not reasonably foreseeable by the defendant.

Authority:    Adapted from 5 L. Sand, *et al.*, Modem Federal Jury Instructions §87.03, Instruction 87-79 (modified).

**DAMAGES**

**Request Number 22**

**<u>Damages – Introduction</u>**

If plaintiff has proven by a preponderance of the evidence that one or more of the defendant is liable on one or more of their claims, then you must determine the damages to which plaintiff is entitled.  However, you should not infer that plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that plaintiff is entitled to recovery.

If you find that plaintiff is entitled to recover from one or more of the defendant for any claim, you must render a verdict in a sum of money which will justly and fairly compensate the plaintiff for all loss resulting from the conduct for which the defendant is liable to plaintiff.

If you find that the defendant is not liable to plaintiff on his claims, you need not consider the issue of damages.

<u>Authority</u>:    Adapted from 1 L. Sand, *et al.*, Modem Federal Jury Instructions § 77-1; 1 NY PJI2d 2:277

<u>Authority:</u>   Adapted from 4 L. Sand, et al., Modern Federal Jury Instructions, at Instruction 77-2.

**Request Number 23**

**<u>Damages – Compensatory Damages</u>**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for any loss which resulted from any defendant's violation of the plaintiff's rights. If you find that defendant is liable on any of the plaintiff's claims, as I have explained it, then you must award plaintiff sufficient damages to compensate him for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make a plaintiff whole that is, to compensate him for the damage suffered. Compensatory damages are not limited merely to expenses that a plaintiff may have borne.  A prevailing plaintiff is entitled to compensatory damages for economic loss, physical injury, pain and suffering, mental anguish, and shock and discomfort that he has suffered because of the defendant's conduct.

The law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness or accuracy as the circumstances permit.  You are to use your sound discretion in fixing an award, drawing all reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

I will now talk a little bit more about the types of compensatory damages plaintiff Randy Singleton is seeking.

Authority:    Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions § 77.01, Instruction 77-3.

**Request Number 24**

**<u>Damages – Pain and Suffering and Loss of Enjoyment of Life</u>**

If you find that plaintiff has established his claim, you must award him a sum which will justly and fairly compensate him for: (1) any physical injury, pain and suffering and emotional distress already experienced and which the wrongful conduct of the defendant was a substantial factor in bringing about; and (2) any pain and suffering and emotional distress that plaintiff is likely to suffer in the future from the same cause.

<u>Authority</u>:   Adapted from PJI §§ 280.1, 284; *see Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 306-07 (1986) ("When Section 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts" and "may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation . . . personal humiliation, and mental anguish and suffering.") (citations and internal quotations omitted); *Townes v. City of New York*, 176 F.3d 138, 147 -148 (2d Cir. 1999)("basic purpose" of § 1983 damages is "to compensate persons for injuries that are caused by the deprivation of constitutional rights"; type and amount of such damages "is ordinarily determined according to principles derived from the common law of torts."); *Connor v. Ulrich*, 153 F.Supp.2d 199, 201 (E.D.N.Y. 2001) (where plaintiff prevailed on excessive force claim, jury awarded compensatory damages for physical injury, pain and suffering and emotional distress).

**Request Number 25**

**<u>Punitive Damages</u>**

You have the discretion to award punitive damages to punish defendant for for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future. You may award punitive damages as a separate award in addition to compensatory damages. You may also award punitive damages on their own, even if you find that the plaintiff did not establish actual compensatory damages.

You may award the plaintiff punitive damages if you find that the acts or omissions of any defendant were done maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.  The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff s rights.

An intent to injure exists when a defendant has a conscious desire to violate federal rights of which he is aware, or when a defendant has a conscious desire to injure a plaintiff in a manner he knows to be unlawful. If you find by a preponderance of the evidence that one or more defendant acted with malicious intent to violate the plaintiff's federal rights or if you find that one or more defendant acted with a callous

or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.  You should also consider whether actual damages standing alone are likely to deter or prevent defendant from again performing any wrongful acts they may have performed, or whether punitive damages are appropriate to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendant should be punished for their wrongful conduct, and

the degree to which an award of one sum or another will deter the defendant or

persons like them from committing wrongful acts in the future.


Authority:   Adapted from 5 L. Sand, *et al.*, Modern Federal Jury Instructions, at 87-
            92.

## CONCLUSION – JURY CONDUCT

### Request Number 26

### <u>Right to See Exhibits and Hear Testimony</u>

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony – in fact any communication with the Court – should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.


<u>Authority:</u>    3 L. Sand, *et al.*, Modern Federal Jury Instructions § 78.01, Instruction 78-23.

**Request Number 27**

**Duty to Deliberate / Unanimous Verdict**

You will now deliberate to decide the case. In order to prevail, plaintiff Randy Singleton must sustain his burden of proof as I have explained to you with respect to each element of each of their claims.  If you find that he has succeeded on a claim, you should return a verdict in his favor with respect to such claim. If you find that he failed to sustain his burden on any element of a claim, you should return a verdict against him on that claim.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for him or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change your opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your

fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

<u>Authority</u>:     3 L. Sand, *et al.*, Modern Federal Jury Instructions § 78.01, Instruction 78-3.

**Request Number 28**

**<u>Verdict Form</u>**

I have prepared a verdict form for you to use in recording your decision. The verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no," unless a question calls for a percentage or dollar amount as indicated. Your answers must reflect the conscientious judgment of each juror. You should answer every question.

<u>Authority:</u>    3 L. Sand, *et al.*, Modern Federal Jury Instructions § 78.01, Instruction 78-23.