UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

RANDY SINGLETON,

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

Plaintiff,

-against-

P.O. CHARNE JIMENEZ (Shield No. 425),                15 Civ. 1011 (ALC)

Defendant.

---------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

Defendant Detective Charne Jimenez opposes plaintiff's motions *in limine* for the reasons set forth below.

## POINT I

### DEFENDANT SHOULD BE PERMITTED TO INTRODUCE EVIDENE OF PLAINTIFF'S OTHER CONTACTS WITH LAW ENFORCEMENT_____

Plaintiff alleges damages for emotional injuries, loss of liberty, and damage to his reputation. Amended Complaint, Docket Entry 4, ¶ 23.  In particular, he testified that as result of the incident in this lawsuit, he suffered from depression, anxiety, and fear of police officers. Plaintiff Dep. at 59:22 – 60:14.  However, plaintiff was arrested twice before the arrest at issue here, and spent a longer period of time in custody on those occasions.  Id. at 30:21 – 33:21. Accordingly, defendant should be permitted to refute and mitigate plaintiff's claims for emotional injuries and loss of liberty with evidence that he had been arrested before the incident and that he had previously spent longer periods of time in police custody.

Courts in both the Southern and Eastern Districts of New York have permitted inquiry into a plaintiff's arrest history for the purpose of emotional damages. A common

rationale is that "one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never been detained." Wilson v. City of New York, 2006 U.S. Dist. LEXIS 90050, at *1-2 (E.D.N.Y. 2006); See also Banushi v. P.O. Palmer, 2011 U.S. Dist. LEXIS 419, at *7-9 (E.D.N.Y. 2011) ("Because a plaintiff who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained…defendants may inquire into plaintiffs past arrests and incarcerations during the damages phase of the trial") (internal citations and quotation marks omitted).  "Furthermore, the probative value of arrest history evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Banushi, 2011 U.S. Dist. LEXIS 419 at *7-9 (quotations omitted) (citing Picciano v. McLoughlin, 2010 U.S. Dist. LEXIS 114704, at *7 (N.D.N.Y. 2010)); see also Wisdom v. Undercover Police Officer #C0127, 879 F. Supp. 2d 339, 342 (E.D.N.Y. 2012) ("[Plaintiff's] request to preclude evidence of her prior arrests is denied.  The parties agree that such evidence is relevant to the issue of damages…and cases in this circuit support that argument") (citing Cicero v. City of New York, 2011 U.S. Dist. LEXIS 80880 (E.D.N.Y. 2011)); see also Phillips v. City of New York, 871 F. Supp. 2d 200, 207 (E.D.N.Y. 2012); Ramos v. County of Suffolk, 707 F. Supp. 2d 421, 424 (E.D.N.Y. 2010).

Here, plaintiff claims that following his arrest and prosecution, he was emotional, cried, felt "boxed in," and was so afraid of police officers that he would cross the street to avoid crossing paths with them. Plaintiff Dep. at 60: 8-14. Plaintiff's history of police contact, however, demonstrates that this is false.  Plaintiff testified that in the two years leading up to his arrest on February 22, 2014, he was arrested two other times.  In the summer of 2013, he was arrested for an open container violation and resisting arrest, during which plaintiff was taken to Central Booking and spent the night in jail. Plaintiff Dep. at 31: 1 – 33:4.  In 2012, plaintiff was

arrested for and convicted of urinating in public, during which he was again transported to Central Booking.  Id. at 33:4 – 16.  Here, plaintiff spent less than two hours in custody and was released from the precinct with a Desk Appearance Ticket.  Plaintiff's prior law enforcement contacts and periods in custody are therefore directly relevant to mitigate his claimed damages for emotional injuries and loss of liberty in this matter.

Defendant should therefore be permitted to introduce evidence of plaintiff's other contacts with law enforcement.

**POINT II**

**PLAINTIFF SHOULD BE PRECLUDED FROM INFORMING THE JURY THAT THE CHARGE AGAINST HIM WAS DISMISSED**

Plaintiff should be precluded from informing the jury that the charge against him was dismissed because it is not relevant and would likely confuse the jury, and is thus prohibited by Federal Rules of Evidence 402 and 403.  The only claims to be tried in this matter are unlawful stop and search, false arrest, and denial of the right to a fair trial.  The disposition of the criminal charge is not an element of any of these claims. Furthermore, in the context of false arrest it is well settled that the outcome of the criminal charge is irrelevant to whether there was probable cause to arrest.  Pierson v. Ray, 386 U.S. 547, 555 (1967); Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996).  It is also irrelevant to whether there was reasonable suspicion to stop and search plaintiff, or whether Detective Jimenez forwarded fabricated evidence likely to influence a jury's decision to a prosecutor.  Because this evidence is irrelevant, its only likely effect would be to confuse and mislead the jurors, particularly since they might conclude that if the charge was dismissed, plaintiff did not commit any crimes.  Indeed, juries are regularly charged that the outcome of an arrest is not relevant to whether there was probable cause to

arrest.  See, e.g., jury instructions given by the Hon. Andrew L. Carter, Jr. in the case of Noel Jackson Guzman v. Police Officer Brian Jay, 10 Civ. 6353 (ALC), at p. 23 – p. 24.

Plaintiff should therefore be precluded from informing the jury that the criminal charge against him was dismissed.

## POINT III

### IF PLAINTIFF IS PERMITTED TO INTRODUCE EVIDENCE THAT THE CHARGE WAS DISMISSED, DEFENDANT SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF THE CONTEXT IN WHICH THE DISMISSAL WAS GRANTED

Plaintiff seeks to introduce evidence that the charge against him was dismissed and sealed.  At the same time, he seeks to preclude defendant from introducing evidence that he accepted a plea bargain when he was granted an Adjournment in Contemplation of Dismissal ("ACD").  To allow the prior and exclude the latter would be misleading and confusing for the jury and prejudicial to the defendant.  If the Court permits plaintiff to introduce evidence that the criminal charge was dismissed and sealed, defendant should be permitted to introduce evidence of the context in which that occurred so as not to leave any uncertainty in the minds of the jurors as to why the charge was dismissed.  Although, as argued in Point II, *supra*, the dismissal of the charge is irrelevant, hearing such evidence in a vacuum could cause the jury to speculate that plaintiff was found not guilty after trial.  This would prejudice the defendant, particularly if the jury surmises that the charge was dismissed due to some adverse finding on his part.

Therefore, if the Court permits plaintiff to introduce evidence that the criminal charge was dismissed, defendant should be permitted to introduce evidence of the context in which the dismissal occurred.

## POINT IV

**DEFENDANT OPPOSES PLAINTIFF'S MOTION TO VISUALLY INSPECT THE CONTRABAND RECOVERED BY DETECTIVE JIMENEZ IN COURT PRIOR TO TRIAL_____**

Defendant objects to plaintiff's proposed inspection of the evidence in Court prior to trial.  However, if plaintiff would stipulate that the chain of custody for the evidence was properly maintained from the moment it was first vouchered at the precinct to present, defendant does not oppose an inspection to be performed on the record at his attorneys' offices.

## CONCLUSION

For the foregoing reasons, defendant Jimenez respectfully requests that the Court grant his motions in their entirety, together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        November 29, 2017

                                   ZACHARY W. CARTER
                                   Corporation Counsel of the City of New York
                                   *Attorney for Defendant Charne Jimenez*
                                   100 Church Street
                                   New York, New York 10007
                                   (212) 356-5044

                                   By:  _____/s/_____

                                        Christopher G. Arko
                                        *Senior Counsel*

cc:   Robert Marinelli, Esq. (By ECF)
      *Attorney for plaintiff*

5