

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

CHRISTOPHER G. ARKO
*Senior Counsel*
carko@law.nyc.gov
Phone: (212) 356-5044
Fax: (212) 356-1148

December 11, 2017

**BY ECF**
Honorable Andrew L. Carter
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Randy Singleton v. P.O. Charne Jiminez</u>, 15 Civ. 1011 (ALC)

Your Honor:

      I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendant Charne Jimenez (s/h/a "P.O. Charne Jiminez") in the above-referenced action. I write pursuant to Your Honor's Order this morning directing defendant to file a letter regarding plaintiff's failure to produce documentation in support of his lost wages claim.

      Plaintiff's obligation to produce these documents began at the very outset of this litigation pursuant to Federal Rule of Civil Procedure 26(A)(1)(ii), which requires a party to produce "all documents…that the disclosing party has in its possession, custody, or control and may use to support its claims." Moreover, pursuant to Federal Rule of Civil Procedure 26(e), plaintiff had a continuing obligation to supplement his disclosures that runs up to and including trial. Regardless, plaintiff failed to produce any documents supporting a claim for lost wages pursuant to these rules at any point during this action.

      At plaintiff's deposition on January 30, 2017, defendant's attorney twice sought production of documents supporting the lost wages claim, including releases for employment records, pay stubs, and tax records. <u>See</u> Plaintiff Dep. at 26: 22 – 25; 74: 2 – 6, attached hereto as Exhibit A. Plaintiff never complied with these requests for production.

      On December 5, 2017, defense counsel Ashley Garman spoke to plaintiff's counsel over the phone to inquire whether plaintiff was still pursuing a claim for lost wages and if so, seeking production of supporting documentation. Plaintiff's counsel indicated that he did not think his client was seeking lost income damages. Nevertheless, Ms. Garman followed up with plaintiff's counsel by email on December 6, 2017 to again ask whether plaintiff was

pursuing a lost wages claim and if so, to produce documentation of such damages. Plaintiff's counsel did not produce any documentation in response.

Despite these numerous efforts, plaintiff has repeatedly failed to produce any documentation in support of his lost wages claim, and even indicated at one point that he did not think his client was seeking such damages. Accordingly, defendant respectfully requests that the Court preclude plaintiff from seeking lost income damages at trial.

I thank the Court for its time and consideration herein.

Respectfully submitted,

/s/

Christopher G. Arko
*Senior Counsel*

cc: Robert Marinelli, Esq. **(By ECF)**